### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADDIE KITCHEN, as Administrator the ESTATE OF STEVEN TAYLOR and MACALA MOORE as guardian of minor S.T.M. and ASHA ATKINS as guardian of minor K.T.** | |
| **Plaintiff** | |
| v. | **Civil Action No.** |
| **CITY OF SAN LEANDRO, and POLICE OFFICER JASON FLETCHER AND POLICE OFFICER STEFAN OVERTON** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Addie Kitchen as Administrator for the Estate of Steven Taylor, Macala Moore as guardian of minor S.T.M., and Asha Atkins as guardian of minor K.T., Plaintiffs, complaining of Defendants the City of San Leandro, Police Officer Jason Fletcher, and Police Officer Stefan Overton for cause would show the Honorable Court as follows:

### NATURE OF THE ACTION

1. On April 18, 2020, Police Officer Jason Fletcher ("Fletcher") of the San Leandro Police Department ("SLPD") shot Plaintiff's decedent, Steven Taylor ("Taylor") in the chest. As Taylor was reeling from being shot, Fletcher and Police Officer Stefan Overton ("Overton") repeatedly tased him. Taylor suffered extreme pain and agony before his untimely death.

2. The fatal shooting of Taylor was preceded by a series of flawed tactical decisions by Fletcher and Overton which provoked and escalated a circumstance that could have been resolved without any harm to Taylor into a tragic death and a lifechanging trauma to Plaintiffs.

3. Fletcher's and Overton's uses of force were unreasonable and therefore violated Taylor's rights under the Fourth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act, and California Law.

4. For these violations, Plaintiffs seek redress and compensation for damages and the wrongful death of Mr. Williams.

## PARTIES

5. Plaintiff Addie Kitchen is the grandmother of Steven Taylor and the administrator of his estate. She is an adult resident of the State of California.

6. Plaintiff Macala Moore is the mother and guardian of the minor S.T.M. who is a natural heir and successor in interest of Steven Taylor. She is an adult resident of the State of California.

7. Plaintiff Asha Atkins is the mother and guardian of the minor K.T. who is the natural heir and successor in interest of Steven Taylor. She is an adult resident of the State of Texas.

8. Defendant the City of San Leandro is a municipality duly organized and existing under the laws within the State of California and responsible for the oversight and operation of the San Leandro Police Department including tactical operations, training, discipline, supervision, and screening.

9. Defendant Police Officer Jason Fletcher was at all relevant times a duly appointed officer with the San Leandro Police Department. He is sued in his individual and official capacity.

10. Defendant Police Officer Stefan Overton was at all relevant times a duly appointed officer with the San Leandro Police Department. He is sued in his individual and official capacity.

## JURISDICTION AND VENUE

11. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of the decedent Steven Taylor.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

12. Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Northern District of California.

## FACTUAL BACKGROUND

13. On April 18, 2020, SLPD received a call for service from the Walmart located on Hesperian Boulevard.  The call involved, who was allegedly shoplifting and had brandishing a baseball bat.

14. Fletcher and Overton both proceeded to Walmart in separate vehicles. Fletcher arrived first.

15. When Fletcher arrived at the Walmart, he spoke the security officer who had called for police assistance. The security officer alleged that Taylor had been "hostile" to store employees while holding a baseball bat. He made no indication that Taylor had been violent or had harmed any persons within Walmart.

16. While still outside the Walmart, Fletcher observed Overton arriving in the parking lot in his vehicle but did not coordinate or communicate with Overton. Instead, Fletcher rushed into the Walmart.

17. Fletcher's decision to rush into Walmart without the presence or assistance of a backup officer limited his tactical options, elevated the risk of conflict, decreased the possibility of a safe resolution, and assured that Overton would enter the store with a deficit of knowledge as to what was transpiring.

18. When Fletcher entered Walmart, he quickly realized Taylor, who was holding a baseball bat, was approximately 15 feet away from him.

19. Fletcher recognized that Taylor was suffering a mental health episode but took no steps to accommodate Taylor or modify the tactics he employed.

20. Instead, Fletcher immediately approached him and attempted to take the bat from Mr. Taylor, first grabbing his forearm and then grabbing the bat itself. Taylor did not relinquish the bat and took a few steps back from Fletcher.

21. Fletcher withdrew his firearm from its holster with his right hand as Taylor initially moved away from him. Within seconds, he also took out his Taser with his left hand.

22. Fletcher fired his Taser and Taylor took steps backward in response. Fletcher fired his Taser a second time which caused Taylor to bend his body over and take halting steps in Fletcher's direction.

23. Fletcher responded by discharging his firearm, striking Taylor in the chest. The gunshot caused Taylor to stumble backwards, drop the bat from his hands, and fall to the ground.

24. Overton was just entering Walmart as Fletcher discharged his firearm. He ran up into a position closer to Taylor than Fletcher and withdrew his Taser.

25. After Taylor stumbled backwards and dropped the bat, Overton fired his Taser at Taylor.

26. Less than 40 seconds passed between Fletcher's rushed entry into Walmart and Taylor being repeatedly tased and shot.

27. The force used by Fletcher and Overton caused Taylor to suffer extreme agony, pain, and death.

28. Fletcher failed to provide Taylor with any reasonable opportunity to comply before using force.

29. Fletcher increased the danger of his interaction with Taylor by simultaneously using his taser and firearm.

30. Fletcher failed to deploy Crisis Intervention Techniques prior to using lethal force.

31. Fletcher failed to use de-escalation techniques prior to using lethal force.

32. Fletcher was not at risk of serious bodily injury or death at the time he used lethal force against Taylor.

33. Overton was not at risk of injury at the time he used force against Taylor.

34. On September 2, 2020, Fletcher was charged by the Alameda County District Attorney's Office with violation of Penal Code Section 192(a): Voluntary Manslaughter.

35. In the years prior to Fletcher's unconstitutional use of lethal force, twelve San Leandro Police Officers were involved in seven incidences of firearms discharges against individuals that did not possess guns or bladed weapons.

36. This pattern of officer involved shootings was known to City Manager Fran Robustelli who is responsible for the direction and supervision of City departments.

37. Despite this knowledge, Robustelli and San Leandro failed to implement policies, training, supervision, and discipline to rectify the pattern of unarmed citizens being shot by police.

38. San Leandro failed to provide adequate training, retraining, and supervision to police officers with respect to constitutional limitations of the use of lethal force.

39. San Leandro failed to provide training, retraining, and supervision to police officers with respect to modifying tactics to accommodate persons suffering mental health crisis.

40. San Leandro failed to provide training, retraining, and supervision to police officers with respect to modifying tactics to accommodate persons suffering mental health crisis.

41. San Leandro failed to adequately discipline police officers following the use of lethal force against unarmed citizens thus perpetuating the belief amongst police officers that their misconduct will not adversely affect their employment.

## WRONGFUL DEATH ACTION/ SURVIVAL ACTION

42. Plaintiffs hereby bring a Wrongful Death claim in the Counts *infra* pursuant to Cal. Code Civ. Proc. § 377.60 et seq. on behalf of all those persons entitled by law to recover damages as a result of the wrongful death of Steven Taylor.

43. Plaintiffs claim all available damages under Cal. Code Civ. Proc. § 377.60 et seq. for all financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that the Plaintiff's decedent, Steven Taylor, would have rendered to the wrongful death beneficiaries but for his traumatic, untimely, and unnatural death. Plaintiffs also claim all damages for payment of medical, funeral, and burial expenses.

44. Plaintiff Addie Kitchen hereby brings a Survival claim in the Counts *infra* under Cal. Code Civ. Proc. § 377.30 et seq., for all damages recoverable under the Statute, including but not limited to, loss of past and future income, pain and suffering prior to death, and for emotional distress suffered by Plaintiffs' decedent, Steven Taylor, from the initiation of the assault upon him until his death.

### COUNT I: 42 U.S.C. § 1983 EXCESSIVE FORCE
*Plaintiffs v. Police Officer Jason Fletcher and Police Officer Stefan Overton*

45. Plaintiffs hereby incorporate all preceding paragraphs as if fully stated herein.

46.  Defendant Fletcher intentionally discharged his taser and firearm at Taylor.

47. Defendant Overton intentionally Discharged his taser at Taylor.

48. Defendants Fletcher and Overton were not at risk of serious bodily injury or death at the time they discharged their tasers and firearm

49. Defendants Fletcher and Overton were acting under color of state law at the time they discharged their tasers and firearm.

50. Defendants Fletcher and Overton's uses of force were unreasonable and therefore in violation the rights guaranteed to Taylor under the Fourth Amendment of the United States Constitution.

51. Defendants Fletcher and Overton's unreasonable uses of force caused Taylor to suffer extreme and severe pain, agony, and death.

**WHEREFORE**, Plaintiffs' demand judgment in their favor, and against Defendants Fletcher and Overton pursuant to 42 U.S.C. § 1983, in an amount in excess of Ten Million Dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, exemplary damages as provided by law, attorneys' fees under 42 U.S.C. § 1985 and 1988, and any other remedies legally appropriate.

## COUNT II – 42 U.S.C. § 1983 MUNICIPAL LIABILITY
*Plaintiffs v. City of San Leandro*

52. Plaintiffs hereby incorporate all preceding paragraphs as if fully statedherein.

53. The customs, practices, and policies of the San Leandro Police Department were the moving force behind Defendant Fletcher and Overton's violation of Taylor's constitutional rights.

54. Taylor was deprived of rights and privileges secured to him by the UnitedStates Constitution and by other laws of the United States, by the City of San Leandro through its many failures.

55. San Leandro City Manager Fran Robustelli had knowledge of the persistent pattern of unconstitutional conduct within the San Leandro Police Department.

56. Despite this knowledge, San Leandro City Manager Fran Robustelli acted with deliberate indifference and failed to take the necessary steps to rectify the conduct and adequately protect the constitutional rights of the people of San Leandro.

57. This unconstitutional misconduct and the refusal to rectify it was a moving force behind the deprivation of Taylor's constitutional rights.

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against the City of San Leandro pursuant to 42 U.S.C. § 1983, in an amount in excess of Ten Million Dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, exemplary damages as provided by law, attorneys' fees under 42 U.S.C. § 1985 and 1988, and any other remedies legally appropriate.

### COUNT III: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT
*Plaintiff v. Police Officer Jason Fletcher, Police Officer Stefan Overton, and City of San Leandro*

58. The preceding paragraphs are incorporated by reference as though set forth fully herein.

59. Taylor was a qualified individual with a disability.

60. The City of San Leandro is a public entity subject to the antidiscrimination requirements of Title II of the Americans with Disabilities Act and a recipient of federal funding subject to the antidiscrimination requirements of Section 504 of the Rehabilitation Act.

61. The conduct, as described supra, demonstrated a failure to provide reasonable modifications to its policies and practices to accommodate Taylor's disability related needs when making contact with him.

62. The City of San Leandro's conduct in failing to provide reasonable modifications to Taylor was deliberately indifferent in that Defendants had notice of the need to reasonably accommodate Taylor's disability-related needs and failed to do so.

63. As a result of The City of San Leandro's failure to provide reasonable modifications to their policies and practices, Taylor suffered greater injuries than other individuals taken into custody, specifically he was killed.

**WHEREFORE**, Plaintiffs demand judgement in their favor, and against the City of San Leandro, pursuant to Section 504 of the Rehabilitation Act, in an amount in excess of Ten Million Dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, attorneys' fees, and any other damages legally appropriate

### COUNT IV – BATTERY-WRONGFUL DEATH
*Plaintiffs v. Police Officer Jason Fletcher, Police Officer Stefan Overton, and City of San Leandro*

64. Plaintiffs hereby incorporate all preceding paragraphs as if fully stated herein.

65. Defendant Fletcher intentionally discharged his taser and firearm at Taylor.

66. Defendant Overton intentionally Discharged his taser at Taylor.

67. Defendants Fletcher and Overton were not at risk of serious bodily injury or death at the time they discharged their tasers and firearm.

68. Defendants Fletcher and Overton's uses of force were unreasonable and therefore constitute battery.

69. Defendants Fletcher and Overton's uses of force occurred in the course and scope of their employment with City of San Leandro.

70. Defendants Fletcher and Overton's battery caused Taylor to suffer extreme and severe pain, agony, and death.

71. Defendant City of San Leandro is vicariously liable for the tortious battery committed by Defendants Fletcher and Overton.

WHEREFORE, Plaintiffs demand judgement in their favor, and against Defendants City of San Leandro, Fletcher, and Overton in an amount in excess of Ten Million Dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, exemplary damages and any other remedies as provided by law.

### COUNT V – NEGLIGENCE-WRONGFUL DEATH
*Plaintiffs v. Police Officer Jason Fletcher, Police Officer Stefan Overton, and City of San Leandro*

72. Plaintiffs hereby incorporate all preceding paragraphs as if fully stated herein.

73. Defendants Fletcher and Overton owed a duty to Taylor to use tactics and make decisions that do not endanger citizens by provoking and/or escalating the likelihood of conflict, use of force, injury, and death.

74. Defendants Fletcher and Overton breached their duty to Taylor by making a series of pre-shooting tactical decisions that provoked and escalated the risk of harm to Taylor.

75. Defendants Fletcher and Overton's breach of their duty to Taylor was the proximate cause of Taylor's Pain severe pain, agony, and death.

76. Defendant Fletcher and Overton's conduct therefore constitutes negligence.

77. Defendant Fletcher and Overton's negligence occurred in the course and scope of their employment with City of San Leandro

78. Defendant City of San Leandro is vicariously liable for the tortious battery committed by Defendants Fletcher and Overton.

   **WHEREFORE**, Plaintiffs demand judgement in their favor, and against Defendants the City of San Leandro, Fletcher, and Overton in an amount in excess of Ten Million Dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, exemplary damages and any other remedies as provided by law.

Respectfully submitted,

/s/ *Adante Pointer, Esq.*
Adante Pointer, Esq.
Pointer & Buelna, LLP
155 Filbert St., Ste 208
Oakland, CA 94612


/s/ *Mark V. Maguire*
Mark V. Maguire, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)
mmaguire@mceldrewyoung.com
Pro hac vice motion forthcoming

/s/ *John J. Coyle*
John J. Coyle, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109

(215) 545-8800
(215) 545-8805 (fax)
jcoyle@mceldrewyoung.com
Pro hac vice motion forthcoming


/s/ *Daniel N. Purtell, Esq.*
Daniel N. Purtell, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)
dan@mceldrewyoung.com
Pro hac vice motion forthcoming


/s/ *S. Lee Merritt, Esq.*
S. Lee Merritt, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)
lee@leemerrittesq.com
Pro hac vice motion forthcoming