UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE KITCHEN, as ADMINISTRATOR OF THE ESTATE OF STEVEN TAYLOR and MACALA MOORE as GUARDIAN OF MINOR S.T.M. and ASHA ATKINS as GUARDIAN OF MINOR K.T., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN LEANDRO, and POLICE OFFICER JASON FLETCHER AND POLICE OFFICER STEFAN OVERTON, <br><br> Defendants. | Case No. 4:22-cv-02373-JSW <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 22 |

Now before the Court for consideration is the motion to dismiss filed by Defendant City of San Leandro ("the City") and joined by Defendants Officer Jason Fletcher ("Fletcher") and Officer Stefan Overton ("Overton") (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS Defendant's motion to dismiss with leave to amend.

**BACKGROUND**

Plaintiffs Addie Kitchen, Macala Moore, and Asha Atkins (collectively, "Plaintiffs") bring this action against the Defendants as a result of an incident between Fletcher, Overton and Steven Taylor ("Taylor") in which Taylor was fatally shot. Plaintiffs were all related to Taylor.

On April 18, 2020, the San Leandro Police Department ("SLPD") received a call from a

Walmart in San Leandro about a shoplifter brandishing a baseball bat in the store. (Dkt. No. 1, Complaint, ¶ 13.) SLPD Officer Fletcher and Officer Overton responded to the call, each in their own vehicle, with Fletcher arriving first on the scene. (*Id.*, ¶ 14.) Upon arriving at the Walmart, Fletcher spoke with a Walmart security officer who stated that Taylor had been hostile to store employees while holding a baseball bat. (*Id.*, ¶ 15.) Overton arrived on the scene at the same time that Fletcher proceeded into the store. (*Id.*, ¶ 16.)

When he entered the Walmart, Fletcher saw Taylor holding a baseball bat, approximately 15 feet away from him. (*Id.*, ¶ 18.) Plaintiffs allege that Fletcher "recognized that Taylor was suffering a mental health episode." (*Id.*, ¶ 19.) Fletcher approached Taylor and tried to confiscate the bat, but Taylor did not relinquish the bat and instead took a few steps back from Fletcher. (*Id.*, ¶ 20.) As Taylor moved back, Fletcher unholstered his firearm with his right hand and his taser with his lefthand. (*Id.*, ¶ 21.) Fletcher fired his taser at Taylor, causing Taylor to take several steps backward. (*Id.*, ¶ 22.) Fletcher fired his taser a second time causing Taylor to "bend his body over" and take "halting" steps toward Fletcher. (*Id.*) Fletcher then fired his gun at Taylor, hitting Taylor in the chest. (*Id.*, ¶ 23.) As a result, Taylor dropped the bat and fell to the ground. (*Id.*) Plaintiffs claim that Taylor "stumbled backwards" because of the gunshot. (*Id.*, ¶ 23.)

Overton entered the Walmart as Fletcher fired his gun, and ran over to Fletcher, at which point Overton withdrew his taser. (*Id.*, ¶ 24.) After Taylor dropped the bat, Overton fired his taser. (*Id.*, ¶ 25.) As a result of this incident, Taylor died. (*Id.*, ¶ 1.)

Plaintiffs initiated this action on April 15, 2022, alleging five causes of action against the City, Fletcher, and Overton: (1) 42 U.S.C. § 1983 Excessive Force; (2) 42 U.S.C. § 1983 Municipal Liability ("*Monell* liability"); (3) Violations of Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act; (4) Battery – Wrongful Death; and (5) Negligence – Wrongful Death. The City filed the instant motion seeking to dismiss Plaintiffs' second and third causes of actions.

The Court will address additional facts as necessary in its analysis.

# ANALYSIS

## A. Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

## B. The Court Grants Defendants' Motion to Dismiss Claim II.

Count II of the Complaint seeks damages for Section 1983 Municipal Liability, also known as a *Monell* violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

1  Defendants argue that the *Monell* claim should be dismissed because the Plaintiffs did not provide
2  sufficient information to support the existence of a widespread custom or policy that would
3  support a claim under *Monell*.  In response, Plaintiffs voluntarily withdraws Claim II.  Because
4  Plaintiffs do not contest dismissal of their second claim, the Court GRANTS Defendants' motion
5  to dismiss as to Claim II.

**C.    The Court Grants Defendants' Motion to Dismiss the ADA Claim.**

Plaintiffs claim that Fletcher's and Overton's interaction with Taylor violated the ADA and the Rehabilitation Act because the officers did not properly accommodate Taylor's disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 ("Title II").  Only public entities are subject to Title II . . . ." *City & Cnty. of S.F. v. Sheehan*, 575 U.S. 600, 610 (2015).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.  Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act. The Court analyzes the claims together, as there is no significant difference in the analysis of rights and obligations created by the two acts.  *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2002).

In order to state a claim of disability discrimination under Title II, a plaintiff must allege that:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1132 (N.D. Cal. 2015).

4

The Ninth Circuit has recognized "at least two types of Title II claims applicable to arrests":

> (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees.

*Sheehan v. City & Cnty. of S.F.*, 743 F.3d 1211, 1232 (9th Cir. 2014) (citations omitted), *rev'd in part on other grounds*, *City & Cnty. of S.F. v. Sheehan*, 575 U.S. 600 (2015). In the instant case, Plaintiffs allege that Defendants "demonstrated a failure to provide reasonable modifications to its policies and practices to accommodate Taylor's disability related needs when making contact with him." (Complaint, ¶ 61.) Thus, Plaintiffs appear to raise a claim for unreasonable accommodation under the second type of ADA arrest claim.

To prevail on a reasonable accommodation theory, a disabled individual must show that the public entity in question "[had] knowledge that the individual was disabled, either because that disability is obvious or because the individual (or someone else) has informed the entity of the disability." *Lawman v. City & Cnty. of S.F.*, 159 F. Supp. 3d 1130, 1149 (N.D. Cal. 2016) (quoting *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1196 (9th Cir. 2007)).

### 1. Plaintiffs fail to adequately allege disability under the ADA.

To prove disability under the ADA, a plaintiff must show that he has

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment.

*See Bresaz*, 136 F. Supp. 3d at 1132 (quoting 42 U.S.C. § 12102(1)). Plaintiffs have not clearly alleged whether Taylor had a disability under option (A), (B), or (C).

Courts generally require that a party who alleges that he or she is disabled under the ADA "plead the disability with some factual specificity." *Id.* at 1135-36. "[A] successful plaintiff will usually allege that he or she suffered from a specific, recognized mental or physical illness." *Id.* at 1136. "A plaintiff additionally must specify what major life activities his disability limits."

5

*Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 907-08 (N.D. Cal. 2015).

Plaintiffs fail to allege any facts regarding Taylor's purported disability. Plaintiffs merely state that "Taylor was suffering a mental health episode." (Complaint, ¶ 19.) Plaintiffs do not provide a description of how the mental health episode related to a disability, whether this episode was a first occurrence or part of a series of episodes, or whether the mental health episode was related to a broader impairment. Plaintiffs' allegations of a mental health episode fall short of the factual specificity required to prove a disability and provides even less factual content than other complaints that were also found to be insufficient. *See, e.g.*, *Sincerny v. City of Walnut Creek,* 17-cv-02616-HSF, 2017 WL 4642432, at *5 (N.D. Cal. Oct. 17, 2017) (allegations of "physical and neurological limitations, including diminished mental capacity," caused by brain surgery complications, were insufficient); *Bell v. U.C. Davis Med. Ctr.*, 2:11-cv-1864 MCE AC PS, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013), *report and recommendation adopted*, 2:11-cv-1864 MCE AC PS, 2013 WL 2664552 (E.D. Cal. Jun. 11, 2013) (allegations of a "type II serious medical condition . . . that is found in people with certain long-term chronic medical conditions" were insufficient). Instead, Plaintiffs' allegations are conclusory and insufficient, and do not provide sufficient specificity. *See Hall v. City of Weed*, No. 2:20-cv-01789-TLN-DMC, 2021 WL 4078031, at *5 (E.D. Cal. Sept. 8, 2021) (a singular allegation that the plaintiff in the case was "regarded as having or perceived to have a physical or mental impairment" was conclusory and insufficient); *Farmer v. County of Calaveras*, 1:18-cv-00009-DAD-SAB, 2018 WL 1919900, at *6 (E.D. Cal. Apr. 24, 2018) (allegations that merely state the existence of a "mental illness, disability and medical impairment[]" were insufficient and conclusory).

The Court also notes that it has found "no case law . . . where a party has stated a cognizable ADA disability discrimination claim based on a single, isolated incident of mental illness, particularly where there is no diagnosis of mental illness or history of mental illness." *Bresaz*, 136 F. Supp. 3d at 1137.

Because Plaintiffs do not identify any qualifying disability, they fail to establish the first element of their ADA claim.

6

### 2. Plaintiffs fail to allege knowledge and motivation.

Plaintiffs also allege that Officers Fletcher and Overton failed to reasonably accommodate Taylor's disability and that the Officers were deliberately indifferent towards Taylor's disability-related needs.

"Before a public entity can be required under the ADA to provide a disabled individual an auxiliary aid or service, a public entity must have knowledge of the individual's disability and the individual's need for an accommodation." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1196 (9th Cir. 2007). "[T]he entity must have knowledge that the individual is disabled, either because that disability is obvious or because the individual (or someone else) has informed the entity of the disability." *Id.* Further, Plaintiffs must allege that the Officers acted with deliberate indifference toward Taylor, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that [] likelihood." *Duvall*, 260 F.3d at 1139.

Because Plaintiffs fail to allege the existence of any disability, it reasonably follows that Plaintiffs have not sufficiently alleged facts showing the Officers were aware of any such disability, nor that the Officer's actions were motivated by the disability. The Complaint merely states that Fletcher "recognized that Taylor was suffering a mental health episode" without stating how he knew that to be the case. (Complaint, ¶ 19.) Plaintiffs also fail to allege how the Officers' actions were motivated by Taylor's purported disability.

Accordingly, Plaintiffs fail to allege sufficient facts to state a claim for relief under the ADA. The Court also notes that any ADA claims against Officers Fletcher and Overton as individuals fail because they are not a "public entity." *See City & Cnty. of S.F. v. Sheehan*, 575 U.S. 600, 610 (2015). Therefore, the Court DISMISSES Plaintiffs' ADA claim as asserted against the individual officers without leave to amend and DISMISSES Plaintiffs' ADA claim as asserted against the City with leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) with leave to amend. Should Plaintiffs wish to amend their complaint, they may file an amended complaint no later than October 28, 2022.

**IT IS SO ORDERED.**

Dated:   October 5, 2022

_____
JEFFREY S. WHITE
United States District Judge