UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE KITCHEN, as Administrator the ESTATE OF STEVEN TAYLOR and MACALA MOORE as guardian of minor S.T.M. and ASHA ATKINS as guardian of minor K.T.<br><br>**Plaintiffs**<br>v.<br><br><br>**CITY OF SAN LEANDRO, and POLICE OFFICER JASON FLETCHER AND POLICE OFFICER STEFAN OVERTON**<br><br>**Defendants.** | Case No. 22-cv-02373-JSW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Hon. Jeffrey S. White<br><br>Conference Date: February 20, 2026 |

The parties to the above-entitled action jointly submit this Case Management Conference Statement pursuant to the Court's Order in Docket No. 56.:

The fatal officer involved shooting between Defendant Jason Fletcher and decedent Steven Taylor gave rise to this instant case. The Alameda County District Attorney's Office charged Fletcher with voluntary manslaughter. After years of Motion practice related to multiple issues including the appropriate prosecuting authority, the Alameda County District Attorney's Office recently made motion to dismiss the criminal case against Defendant Jason Fletcher. Judge Clifford Blakely granted the motion and dismissed the case. There are no criminal charges pending against Fletcher, and Officer Stefan Overton was never charged with any crimes related to this incident.

1. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question)

in that Plaintiffs' claims for relief arise under 42 U.S.C. §1983. All parties have been served, and no issues exist regarding personal jurisdiction or venue.

2. **FACTS:**

    A.    **Plaintiff's Version of Facts**

On April 18, 2020, SLPD received a call for service from the Walmart located on Hesperian Boulevard. The call involved Stephen Taylor who was allegedly shoplifting and had brandishinga baseball bat. When Officer Fletcher ("Fletcher") arrived at the Walmart, he spoke the securityofficer who had called for police assistance. The security officer alleged that Mr. Taylor had been" hostile" to store employees while holding a baseball bat. He made no indication that Mr. Taylor had been violent or had harmed any persons within Walmart. While still outside the Walmart, Fletcher observed Officer Overton ("Overton") arriving in the parking lot in his vehicle but did not coordinate or communicate with Overton. Instead, Fletcher rushed into Walmart. Fletcher's decision to rush into Walmart without the presence orassistance of a backup officer limited his tactical options, elevated the risk of conflict, decreased the possibility of a safe resolution, and assured that Overton would enter the store with a deficit of knowledge as to what was transpiring.

Fletcher immediately approached Mr. Taylor and attempted to take the bat from him, first grabbing his forearm and then grabbing the bat itself. Mr. Taylor did not relinquish the bat and took a few steps back from. Fletcher fired his Taser and Mr. Taylor took steps backward in response. Fletcher fired his Taser a second time which caused Taylor to bend his body over and take halting steps in Fletcher's direction. Fletcher responded by discharging his firearm, striking Mr. Taylor in the chest and killing him.

Plaintiff alleges that Fletcher and Overton's conduct was unreasonable, tortious, and

unconstitutional.

### B. Defendants' Version of Facts

#### The Incident

On April 18, 2020, Defendant former San Leandro police officer Jason Fletcher was dispatched to respond to a 911 call from a Walmart security guard. The security guard reported as suspect, later identified as decedent Steven Taylor, was shoplifting and waving a baseball bat in a threatening manner at store employees and customers. When Fletcher arrived on scene, he gave multiple orders to Taylor to drop the baseball bat but Taylor did not comply. Fletcher deployed his taser but it was ineffective. Fletcher then deployed his taser a second time but it was again ineffective. Taylor then approached Fletcher while wielding the bat, and Fletcher deployed his service weapon. Defendant San Leandro police officer Stefan Overton arrived on scene after he heard Fletcher stating "taser deployed" over the radio. As Overton rushed into the store, he heard aloud "pop" that he interpreted to be a second taser deployment and he observed Taylor wielding the baseball bat in his hand in a bladed stance. Overton assumed Fletcher's taser deployments were unsuccessful and Overton deployed his taser at Taylor. Taylor passed away from his injuries at the scene. At the time of his death, it appears Taylor was homeless and suffering from mental illness.

At the time of his death, it appears Taylor was homeless and suffering from mental illness. The toxicology and coroner's reports show Decedent was under acute methamphetamine intoxication during the incident. He also tested positive for having marijuana in his system.

### 3. Legal Issues

The Complaint alleges the following causes of action:

(1) 42 U.S.C. § 1983 Excessive Force;

(2) 42 U.S.C. § 1983 Municipal Liability (dismissed per Court's Order granting Defendants' Motion to Dismiss in Docket No. 35);

(3) Violations of Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act (dismissed per Court's Order granting Defendants' Motion to Dismiss in Docket No. 35);

(4) Battery – Wrongful Death (Defendants contend Plaintiffs are barred from bringing this claim for failure to present a timely tort claim to the City of San Leandro pursuant to Gov. Code Sections 954.4 and 950.2 requirements);

(5) Negligence – Wrongful Death (Defendants contend Plaintiffs are barred from bringing this claim for failure to present a timely tort claim to the City of San Leandro pursuant to Gov. Code Sections 954.4 and 950.2 requirements).

Adjudication of plaintiff's claims and defendants' defenses will depend on the resolution of the following principal legal disputes:

(1) Whether the officers had reasonable suspicion to detain decedent;

(2) Whether the force used was reasonable;

(3) Whether the officers acted in good faith and in an objectively reasonable manner consistent with their training and department policy and applicable laws of detention, arrest and use of reasonable force;

(4) Whether the law clearly established or not regarding the officers' conduct under the totality of the circumstances such that the officers are entitled to qualified immunity from suit;

(5) Whether Plaintiffs are barred from all state law causes of action due to their failure

to comply with the Government Tort Claims Act;

(6)     Whether Plaintiffs have standing to assert claims on Decedent Taylor's behalf as co-successors in interest and establishing paternity for Plaintiffs S.T.M. and K.T. This is a non-exhaustive list.

4. **Motions:**

None pending.

Defendants will file a motion for summary judgment on all claims.

5. **Amendment of Pleadings:**

None anticipated.

6. **Evidence Preservation:**

The parties have taken all steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:**

The parties shall exchange initial disclosure within 14 days of the scheduled Case Management Conference.

8. **Discovery:**

The parties request 180 days to conduct fact discovery including the exchange of documents and depositions.

Defendants have inserted their proposed case schedule below. Here, we propose this language: The parties have not exchanged written discovery or taken any depositions. The stay, based on the criminal case against Defendant Fletcher, ordered that discovery was stayed.

9. **Class Action:**

This case is not a class action.

**10.     Related Cases:**

In Docket No. 42, the Court has ordered *Grigsby v. City of San Leandro, et al.*, Case No. 24-cv-01273-JSW, related to the instant matter.

**11.     Relief:**

Plaintiff seeks compensatory, punitive, and all other damages permitted under California Law and 42 U.S.C. §1983.

Defendants will conduct discovery into Plaintiffs' damages claims. Defendants contend that the officers acted reasonably and deny liability on all claims.

**12.     Settlement and ADR:**

Plaintiff is willing to confer and or mediate in any forum agreed upon by the parties.

Defendants are amenable to an early settlement conference or mediation after initial discovery is exchanged.

**13.     Consent to Magistrate Judge for All Purposes:**

Plaintiffs declined magistrate jurisdiction in Docket No. 13.

**14.     Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

The parties are presently unaware of any issues that can be narrowed by agreement; nor suggestions to expedite the presentation of evidence at trial (*e.g.*, through summaries or stipulated facts); or any request to bifurcate issues, claims, or defenses. They request that this issue be revisited at a further case management conference.

**16.     Expedited Schedule:**

The present matter is not the type of case that can be handled on an expedited basis with streamlined procedures.

17.  **Scheduling**:

The parties propose the following in regard to scheduling:

| | |
|---|---|
| Close Non-Expert Discovery | July 23, 2027 |
| Expert Disclosures | August 6, 2027 |
| Rebuttal Disclosures | August 20, 2026 |
| Close of Expert Discovery | September 24, 2027 |
| Final Date to Hear Dispositive Motions | October 1, 2027 |
| Final Pre Trial Conference | November 15, 2027 |
| Jury Selection | December 1, 2027 |
| TRIAL | December 6, 2027 |

18.  **Trial**:

All parties demand a jury trial. A 10-day trial is estimated.

19.  **Disclosure of Non-Party Interested Entities or Persons**:

None.

12.  **Professional Conduct**:

All attorneys of record have reviewed the Guidelines.

12.  **Such other matters as may facilitate the just and speedy and inexpensive disposition of this matter**:

None at this time.

Respectfully submitted,

CASTILLO, MORIARTY, ROBINSON, LLP

By:  */s/Patrick Moriarty*
PATRICK MORIARTY
JOHN ROBINSON
Attorneys for Defendant

Dated:  February 13, 2026

CITY OF SAN LEANDRO

LONGYEAR LAVRA & CAHILL, LLP

By: ___/s/ Nicole M. Cahill_____

John A. Lavra,
Nicole M. Cahill,
Attorneys for Defendant
STEFAN OVERTON

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By: ___/s/ Noah G. Blechman_____

Noah G. Blechman
Attorneys for Defendants
JASON FLETCHER


POINTER & BUELNA, LLP & MCELDREW PURTELL


By: ___/s/ Mark V. Maguire_____

Mark V Maguire
Daniel N. Purtell
John Joseph Coyle , III
Patrick M. Buelna,
Adante Pointer,
Attorneys for Plaintiffs